FILED
NOV 3 0 2007
NOV 30 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GAYLE REED, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 07CV 6734 |
| vs. ) | JUDGE HIBBLER |
| ) | MAGISTRATE JUDGE VALDEZ |
| TRANS UNION, LLC, ) | |
| and ) | |
| FIRST AMERICAN CREDCO, INC., ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

### I. Preliminary Statement

1. This is an action for damages brought by an individual consumer against the Defendants for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §1681 *et seq., as amended.*

### II. Jurisdiction and Venue

2. Jurisdiction of this Court arises under 15 U.S.C. §1681p, 28 U.S.C. §§1331, 1337. Venue lies properly in this district pursuant to 28 U.S.C. §1391(b).

### III. Parties

3. Plaintiff, GAYLE REED, is an adult individual and citizen of the state of Illinois.

4. Defendant, Trans Union, LLC, is a business entity that regularly conducts business throughout every state and county in the United States and as a corporation that does business in the state of Illinois, is a citizen of the state of Illinois.

5. Defendant, First American Credco, Inc., is a business entity that regularly conducts business throughout every state and county in the United States and as a corporation that does business in the state of Illinois, is a citizen of the state of Illinois.

### IV. COUNT ONE
### VIOLATION OF THE FCRA v. TRANS UNION

5. Defendant has been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (hereafter the "inaccurate information").

6. The inaccurate information of which Plaintiff complains is an account, or trade-line, named HSBC/Menards. Specifically, the Plaintiff asserts that the payment history and status of the account is inaccurately reported. The Defendants have disseminated credit reports and/or information that the account is reported as last delinquent in July 2007. However, Plaintiff contends that she paid off this account in July 2004. Moreover, because the delinquency has been inaccurately reported as occurring on a more recent date than when the accounts were actually paid, this derogatory information will remain on Plaintiff's credit report for longer than seven years.

7. The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

8. The credit reports have been and continue to be disseminated to various persons and credit grantors, both known and unknown.

9. In June 2007, Plaintiff disputed the inaccurate information with Defendant, Trans Union, LLC, by written communication to its representatives and by following Defendant's established procedure for disputing consumer credit information.

10. Notwithstanding Plaintiff's efforts, Defendants continue publishing the inaccurate information to other third parties, persons, entities and credit grantors.

2

11. Despite Plaintiff's efforts to date, Defendants have nonetheless deliberately, willfully, intentionally, recklessly and negligently continued to report this information as belonging to Plaintiff, after having once admitted to it's inaccuracy by deleting this information in the past from Plaintiff's credit report.

12. Plaintiff has been damaged, and continues to be damaged, in the following ways:

   a. Denial of credit on September 18, 2007;

   b. Raised interest rate by Mortgage Guarantee Insurance Corporation on August 16, 2007;

   c. Out of pocket expenses associated with disputing the information only to find the information to remain on the credit report;

   d. Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people both known and unknown;

   e. Decreased credit score which may result in inability to obtain credit on future attempts.

13. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendants herein.

14. At all times pertinent hereto, the conduct of Defendants, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

15. At all times pertinent hereto, Defendant was a "persons" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f).

3

16. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

17. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

18. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendant is liable to Plaintiff for engaging in the following conduct:

(a) willfully and negligently failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the dispute from the Plaintiff, in violation of 15 U.S.C. §1681i(a);

(b) willfully and negligently failing to obtain a certification from the person who furnished this trade line prior to re-inserting the inaccurate information in violation of 15 U.S.C. §1681i(a)(5)(B)(i);

(c) willfully and negligently failed to notify the Plaintiff that they re-inserted the aforementioned derogatory information within five (5) days after the reinsertion in violation of 15 U.S.C. §1681i(a)(5)(B)(ii);

(d) willfully and negligently failing to review and consider all relevant information submitted by the Plaintiff concerning the dispute of the inaccurate information, in violation of 15 U.S.C. §1681i(a);

(e) willfully and negligently failing to delete the inaccurate information from Plaintiff's credit file after reinvestigation, in violation of 15 U.S.C. §1681i(a);

(f) willfully and negligently failing to note the Plaintiff's dispute of the inaccurate information and in subsequent consumer reports, in violation of 15 U.S.C. §1681i(c);

4

(g) willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. §1681e(b).

19. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendant is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief as may be permitted by law.

## COUNT TWO –
## VIOLATION OF THE FCRA v. FIRST AMERICAN CREDCO

20. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

21. The inaccurate information of which Plaintiff complains are accounts, or trade-lines, named GEMB/JCPenny, HSBC/Menards and Capital One. Specifically, the Plaintiff asserts that the payment history and status of the account is inaccurately reported. The Defendants have disseminated credit reports and/or information that the accounts are reported as last delinquent in July 2007. However, Plaintiff contends that she paid off this account in July 2004. Moreover, because the delinquencies have been inaccurately reported as occurring on a more recent date than when the accounts were actually paid, this derogatory information will remain on Plaintiff's credit report for longer than seven years.

22. At all times pertinent hereto, this Defendant was a "person" as that term defined by 15 U.S.C. §1681a(b).

23. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendant is liable to Plaintiff for engaging in the following conduct:

(a) willfully and negligently failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the dispute from the Plaintiff, in violation of 15 U.S.C. §1681i(a);

(c) willfully and negligently failing to obtain a certification from the person who furnished this trade line prior to re-inserting the inaccurate information in violation of 15 U.S.C. §1681i(a)(5)(B)(i);

(c) willfully and negligently failed to notify the Plaintiff that they re-inserted the aforementioned derogatory information within five (5) days after the reinsertion in violation of 15 U.S.C. §1681i(a)(5)(B)(ii);

(d) willfully and negligently failing to review and consider all relevant information submitted by the Plaintiff concerning the dispute of the inaccurate information, in violation of 15 U.S.C. §1681i(a);

(e) willfully and negligently failing to delete the inaccurate information from Plaintiff's credit file after reinvestigation, in violation of 15 U.S.C. §1681i(a);

(f) willfully and negligently failing to note the Plaintiff's dispute of the inaccurate information and in subsequent consumer reports, in violation of 15 U.S.C. §1681i(c);

(g) willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. §1681e(b).

24. This Defendant's conduct was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendant is liable to compensate Plaintiff for the full amount of statutory, actual

and punitive damages, along with attorneys' fees and costs, as well as such other relief permitted by law.

## VI.   JURY TRIAL DEMAND

25.   Plaintiff demands trial by jury on all issues so triable.

## VII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff, GAYLE REED, seeks judgment in Plaintiff's favor and damages against Defendants, based on the following requested relief:

(a)   Actual damages;

(b)   Statutory damages;

(c)   Punitive damages;

(d)   Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§1681n, 1681o;

(e)   Such other and further relief as may be necessary, just and proper.

Respectfully submitted,
GAYLE REED

By: _____
Attorney for Plaintiff

Larry P. Smith & Associates, Ltd.
Attorneys For Plaintiff
205 N. Michigan Avenue, Suite 4000
Chicago, Illinois 60601
Ph: (312) 222-9028
Fax: (312) 602-3911