## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| GAYLE REED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action 07 C 6734 |
| | ) | |
| TRANS UNION, LLC, and | ) | Judge Hibbler |
| FIRST AMERICAN CREDCO, INC., | ) | |
| | ) | Magistrate Judge Valdez |
| Defendants. | ) | |

## DEFENDANT TRANS UNION LL'S ANSWER AND DEFENSES
## TO PLAINTIFF'S COMPLAINT

Defendant Trans Union LLC ("Trans Union"), by its attorneys, answers Plaintiff's

Complaint and asserts its defenses as follows:

## [I. PRELIMINARY STATEMENT]

(1)    This is an action for damages brought by an individual consumer against the
Defendants for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C.
§ 1681 *et seq., as amended*.

**ANSWER: Trans Union admits that Plaintiff brings this action under the Fair**

**Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. ("FCRA").   Trans Union denies any**

**implication that Trans Union violated any provision of the FCRA, and Trans Union**

**further denies that it is liable to Plaintiff.   Trans Union is without knowledge or**

**information sufficient to form a belief as to the truth of any remaining averments and**

**therefore denies those averments.**

## [II. JURISDICTION AND VENUE]

(2)    Jurisdiction of this Court arises under 15 U.S.C. § 1681p, 28 U.S.C. §§ 1331,
1337.  Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

**ANSWER:      Trans Union admits that this Court has jurisdiction over Plaintiff's**

**FCRA claims against Trans Union under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.   Trans**

Union further admits that venue for Plaintiff's FCRA claims against Trans Union properly lies in this District under 28 U.S.C. § 1391(b).  Trans Union denies any implication that Trans Union violated any provision of the FCRA, and Trans Union further denies that it is liable to Plaintiff.  Trans Union is without knowledge or information sufficient to form a belief as to the truth of any remaining averments and therefore denies those averments.

### [III.  PARTIES]

(3)     Plaintiff, GAYLE REED, is an adult individual citizen of the state of Illinois.

**ANSWER:**     **On information and belief, Trans Union admits that Plaintiff is over the age of eighteen.  Trans Union further admits that its file for Plaintiff contains a current address in the State of Illinois.  Trans Union is without knowledge or information sufficient to form a belief as to the truth of any remaining averments and therefore denies those averments.**

(4)     Defendant, Trans Union, LLC, is a business entity that regularly conducts business throughout every state and county in the United States and as a corporation that does business in the state of Illinois, is a citizen of the state of Illinois.

**ANSWER:**     **Trans Union denies that it regularly conducts business throughout every county in the United States and further denies that it is a corporation.  Answering further, Trans Union states that it is a limited liability company that does business in the State of Illinois.**

(5)     Defendant, First American Credco, Inc., is a business entity that regularly conducts business throughout every state and county in the United States and as a corporation that does business in the state of Illinois, is a citizen of the state of Illinois.

**ANSWER:**     **Trans Union is without knowledge or information sufficient to form a belief as to the truth of the averments of this Paragraph.**

2

**[IV.  COUNT ONE]**
**[VIOLATION OF THE FCRA v. TRANS UNION]**

(5)     Defendant has been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (hereafter the "inaccurate information").

**ANSWER:     Trans Union denies any implication that Trans Union violated any provision of the FCRA, and Trans Union further denies that it is liable to Plaintiff.  Trans Union is without knowledge or information sufficient to form a belief as to the truth of any remaining averments and therefore denies those averments.**

(6)     The inaccurate information of which Plaintiff complains is an account, or tradeline, named HSBC/Menards.  Specifically, the Plaintiff asserts that the payment history and status of the account is inaccurately reported.  The Defendants have disseminated credit reports and/or information that the account is reported as last delinquent in July 2007.  However, Plaintiff contends that she paid off this account in July 2004.  Moreover, because the delinquency has been inaccurately reported as occurring on a more recent date than when the accounts were actually paid, this derogatory information will remain on Plaintiff's credit report for longer than seven years.

**ANSWER:     Trans Union admits that on at least one occasion in the two-year period prior to the filing of Plaintiff's Complaint, Trans Union's file for Plaintiff included information relating to the account or tradeline HSBC Menards #***********9418.  Trans Union denies any implication that Trans Union violated any provision of the FCRA.  Trans Union is without knowledge or information sufficient to form a belief as to the truth of any remaining averments and therefore denies those averments.**

(7)     The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

**ANSWER:     Trans Union denies any implication that Trans Union violated any provision of the FCRA, and Trans Union further denies that it is liable to Plaintiff.  Trans Union is without knowledge or information sufficient to form a belief as to the truth of any remaining averments and therefore denies those averments.**

(8)     The credit reports have been and continue to be disseminated to various persons and credit grantors, both known and unknown.

**ANSWER:  Trans Union denies that it disseminates credit reports to "unknown" persons and credit grantors.  Trans Union is without knowledge or information sufficient to form a belief as to the truth of any remaining averments and therefore denies those averments.**

(9)     In June 2007, Plaintiff disputed the inaccurate information with Defendant, Trans Union, LLC, by written communication to its representatives and by following Defendant's established procedure for disputing consumer credit information.

**ANSWER:   Trans Union admits that, on May 29, 2007, it received written correspondence from Plaintiff concerning information in her Trans Union file relating to the account or tradeline HSBC Menards #************9418.  Trans Union is without knowledge or information sufficient to form a belief as to the truth of any remaining averments and therefore denies those averments.**

(10)     Notwithstanding Plaintiff's efforts, Defendants continue publishing the inaccurate information to other third parties, persons, entities and credit grantors.

**ANSWER:     Trans Union denies the averments of this Paragraph.**

(11)     Despite Plaintiff's efforts to date, Defendants have nonetheless deliberately, willfully, intentionally, recklessly and negligently continued to report this information as belonging to Plaintiff, after having once admitted to it's inaccuracy by deleting this information in the past from Plaintiff's credit report.

**ANSWER:     Trans Union denies the averments of this Paragraph.**

(12)     Plaintiff has been damaged, and continues to be damaged, in the following ways:

     a.     Denial of credit on September 18, 2007;

     b.     Raised interest rate by Mortgage Guarantee Insurance Corporation on August 16, 2007;

     c.     Out of pocket expenses associated with disputing the information only to find the information to remain on the credit report;

d.    Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people both known and unknown;

e.    Decreased credit score which may result in inability to obtain credit on future attempts.

**ANSWER:**    **Trans Union denies any implication of this Paragraph that Trans Union violated the FCRA or that Plaintiff suffered any damages as a result of Trans Union's alleged acts or omissions.  Trans Union is without knowledge or information sufficient to form a belief as to the truth of any remaining averments and therefore denies those averments.**

(13)    At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendants herein.

**ANSWER:**    **Trans Union admits that, generally, it acts through its agents.  Trans Union is without knowledge or information sufficient to form a belief as to the truth of any remaining averments and therefore denies those averments.**

(14)    At all times pertinent hereto, the conduct of Defendants, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

**ANSWER:**    **Trans Union denies the averments of this Paragraph.**

(15)    At all times pertinent hereto, Defendant was a "persons" and "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

**ANSWER:**    **Trans Union admits that it is a "person" as defined by the FCRA, 15 U.S.C. § 1681a(b), and a "consumer reporting agency" as defined by the FCRA, 15 U.S.C. § 1681a(f).  Answering further, Trans Union is without knowledge or information sufficient to form a belief as the truth of the remaining averments of this Paragraph and therefore denies those averments.**

(16)    At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

**ANSWER:    Trans Union admits that, in some transactions, Plaintiff would qualify as a "consumer" as defined by the FCRA, 15 U.S.C. § 1681a(c).  Answering further, Trans Union is without knowledge or information sufficient to form a belief as the truth of the remaining averments of this Paragraph and therefore denies those averments.**

(17)    At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

**ANSWER:    Trans Union admits that it prepares "consumer reports" for third parties as defined by the FCRA, 15 U.S.C. § 1681a(d)(1).  Answering further, Trans Union is without knowledge or information sufficient to form a belief as the truth of the remaining averments of this Paragraph and therefore denies those averments.**

(18)    Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendant is liable to Plaintiff for engaging in the following conduct:

(a)    willfully and negligently failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the dispute from the Plaintiff, in violation of 15 U.S.C. § 1681i(a);

(b)    willfully and negligently failing to obtain a certification from the person who furnished this trade line prior to re-inserting the inaccurate information in violation of 15 U.S.C. § 1681i(a)(5)(B)(i);

(c)    willfully and negligently failed to notify the Plaintiff that they re-inserted the aforementioned derogatory information within five (5) days after the reinsertion in violation of 15 U.S.C. § 1681i(a)(5)(B)(ii);

(d)    willfully and negligently failing to review and consider all relevant information submitted by the Plaintiff concerning the dispute of the inaccurate information, in violation of 15 U.S.C. § 1681(a);

(e)    willfully and negligently failing to delete the inaccurate information from Plaintiff's credit file after reinvestigation, in violation of 15 U.S.C. § 1681i(a);

(f)    willfully and negligently failing to note the Plaintiff's dispute of the inaccurate information and in subsequent consumer reports, in violation of 15 U.S.C. § 1681i(c);

(g)     willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. § 1681e(b).

**ANSWER:     Trans Union denies the averments of this Paragraph, including each and every one of its sub-parts (a) through (g).**

(19)     The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in brining about the injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendant is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief as may be permitted by law.

**ANSWER:     Trans Union denies the averments of this Paragraph.**

## [V.  COUNT TWO]
## [VIOLATION OF THE FCRA v. FIRST AMERICAN CREDCO]

(20)     Plaintiff incorporates the foregoing paragraphs as thought the same were set forth at length herein.

**ANSWER:     Trans Union restates, as its answer to this Paragraph, its answers to each and every averment of Paragraphs 1 to 19 of Plaintiff's Complaint.**

(21)     The inaccurate information of which Plaintiff complains are accounts, or tradelines, named GEMB/JCPenny, HSBC/Menards and Capital One.  Specifically, the Plaintiff asserts that the payment history and status of the account is inaccurately reported.  The Defendants have disseminated credit reports and/or information that the accounts are reported as last delinquent in July 2007.  However, Plaintiff contends that she paid off this account in July 2004.  Moreover, because the delinquencies have been inaccurately reported as occurring on a more recent date than when the accounts were actually paid, this derogatory information will remain on Plaintiff's credit report for longer than seven years.

**ANSWER:     To the extent that the averments of this paragraph are directed to Trans Union, Trans Union denies any implication that Trans Union violated any provision of the FCRA.  Trans Union further denies that it is liable to Plaintiff.  Trans Union is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of this paragraph.**

CHGO1\31135069.1

(22)    At all times pertinent hereto, this Defendant was a "person" as that term defined by 15 U.S.C. § 1681a(b).

**ANSWER:**    **To the extent that the averments of this paragraph are directed to Trans Union, Trans Union denies any implication that Trans Union violated any provision of the FCRA.  Trans Union further denies that it is liable to Plaintiff.  Trans Union is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of this paragraph.**

(23)    Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendant is liable to Plaintiff for engaging in the following conduct:

(a)    willfully and negligently failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the dispute from the Plaintiff, in violation of 15 U.S.C. § 1681i(a);

(c)    willfully and negligently failing to obtain a certification from the person who furnished this trade line prior to re-inserting the inaccurate information in violation of 15 U.S.C. § 1681i(a)(5)(B)(i);

(c)    willfully and negligently failed to notify the Plaintiff that they re-inserted the aforementioned derogatory information within five (5) days after the reinsertion in violation of 15 U.S.C. § 1681i(a)(5)(B)(ii);

(d)    willfully and negligently failing to review and consider all relevant information submitted by the Plaintiff concerning the dispute of the inaccurate information, in violation of 15 U.S.C. § 1681i(a);

(e)    willfully and negligently failing to delete the inaccurate information from Plaintiff's credit file after reinvestigation, in violation of 15 U.S.C. § 1681i(a);

(f)    willfully and negligently failing to note the Plaintiff's dispute of the inaccurate information and in subsequent consumer reports, in violation of 15 U.S.C. § 1681i(c);

(g)    willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. § 1681e(b).

**ANSWER:**    **To the extent that the averments of this paragraph are directed to Trans Union, Trans Union denies any implication that Trans Union violated any provision of the FCRA.  Trans Union further denies that it is liable to Plaintiff.  Trans Union is without**

CHGO1\31135069.1

**knowledge or information sufficient to form a belief as to the truth of the remaining averments of this paragraph.**

(24)    This Defendant's conduct was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendant is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief permitted by law.

**<u>ANSWER:</u>    To the extent that the averments of this paragraph are directed to Trans Union, Trans Union denies any implication that Trans Union violated any provision of the FCRA.  Trans Union further denies that it is liable to Plaintiff.  Trans Union is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of this paragraph.**

**<u>DEFENDANT TRANS UNION LLC'S DEFENSES</u>**

**FIRST DEFENSE**

At all times relevant to Plaintiff's Complaint, Trans Union followed reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff in preparing consumer reports related to Plaintiff.

**SECOND DEFENSE**

Trans Union reasonably and completely reinvestigated and reverified all information disputed by Plaintiff in compliance with the FCRA, 15 U.S.C. § 1681i.

**THIRD DEFENSE**

Any purported damages to Plaintiff, which Trans Union continues to deny, are results of the acts or omissions of entities over whom Trans Union has neither control nor responsibility.

CHGO1\31135069.1

**FOURTH DEFENSE**

Plaintiff's Complaint fails to set forth facts sufficient to state a claim upon which relief may be granted against Trans Union, and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any relief whatsoever, from Trans Union.

**FIFTH DEFENSE**

Plaintiff failed to provide Trans Union with a statement of dispute under the FCRA, 15 U.S.C. § 1681i(b), and Trans Union, therefore, had no legal obligation to include a statement of dispute on consumer reports relating to Plaintiff under the FCRA, 15 U.S.C. § 1681i(c).

**SIXTH DEFENSE**

Some or all of Plaintiff's claims may be barred because Plaintiff failed to mitigate any claimed damages.

**SEVENTH DEFENSE**

Trans Union reserves the right to raise additional defenses to which it may be entitled which may be developed during the course of discovery.

**WHEREFORE,** Defendant Trans Union LLC respectfully requests that this Honorable Court deny the relief requested in Plaintiff's Complaint, dismiss the action in its entirety, grant Trans Union its costs of suit including reasonable attorneys' fees, and order such other and different relief as the Court deems just.

CHGO1\31135069.1

Date:  January 22, 2008                    Respectfully submitted,

                                           **TRANS UNION LLC**


                                           By:_____/s/ Sharon R. Albrecht_____
                                                  One of Its Attorneys

Albert E. Hartmann (ARDC #06256064)
Sharon R. Albrecht (ARDC #06288927)
**DLA PIPER US LLP**
203 North LaSalle Street
Suite 1900
Chicago, Illinois 60601
312-368-4000

11