## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| GAYLE REED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action 07 C 6734 |
| | ) | |
| TRANS UNION, LLC, and | ) | Judge Hibbler |
| FIRST AMERICAN CREDCO, INC., | ) | |
| | ) | Magistrate Judge Valdez |
| Defendants. | ) | |

## DEFENDANT FIRST ADVANTAGE CREDCO, LLC'S[1]
## ANSWER AND ADDITIONAL DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant First Advantage Credco, LLC ("Credco"), by its attorneys, answers Plaintiff's

Complaint and asserts its defenses as follows:

## FIRST DEFENSE

## [I. PRELIMINARY STATEMENT]

(1)     This is an action for damages brought by an individual consumer against the
Defendants for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15
U.S.C. § 1681 et seq., as amended.

**ANSWER:  The averments of paragraph 1 of the Complaint constitute conclusions**

**of law to which no responsive pleading is required.  If and to the extent a responsive**

**pleading is deemed to be required, Credco admits only that Plaintiff's Complaint purports**

**to be brought pursuant to 15 U.S.C §§ 1581, et seq., and that it seeks the damages stated.**

**To the extent that the allegations of this paragraph are directed to Trans Union, LLC**

**("Trans Union"), no response by Credco is required.  By way of further response, to the**

**extent that a response is deemed to be required, after reasonable investigation, Credco is**

**without knowledge or information sufficient to form a belief as to the truth of the**

allegations of paragraph 1 of the Complaint that are directed to Trans Union, and on that basis denies them.  The remaining allegations of paragraph 1 are denied.  By way of further answer, Credco specifically denies that it violated the FCRA.

## [II.  JURISDICTION AND VENUE]

(2)     Jurisdiction of this Court arises under 15 U.S.C. § 1681p, 28 U.S.C. §§ 1331, 1337.  Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

**ANSWER:     Admitted in part; denied in part.  Credco admits only that this Court has jurisdiction over Plaintiff's FCRA claims against Credco under 15 U.S.C. § 1681p and 28 U.S.C. §§ 1331.  After reasonable investigation, Credco is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 2, and on that basis denies them.   By way of further response, Credco specifically denies any implication that it violated the FCRA or any other laws.**

## [III.  PARTIES]

(3)     Plaintiff, GAYLE REED, is an adult individual citizen of the state of Illinois.

**ANSWER:  Denied.  After reasonable investigation, Credco is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3, and on that basis denies them.**

(4)     Defendant, Trans Union, LLC, is a business entity that regularly conducts business throughout every state and county in the United States and as a corporation that does business in the state of Illinois, is a citizen of the state of Illinois.

**ANSWER:  Denied.  After reasonable investigation, Credco is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4, and on that basis denies them.**

---

[1] First Advantage Credco, LLC is misidentified in the Complaint as First American Credco, Inc.

(5)     Defendant, First American Credco, Inc., is a business entity that regularly conducts business throughout every state and county in the United States and as a corporation that does business in the state of Illinois, is a citizen of the state of Illinois.

**ANSWER:  Admitted in part; denied in part.  Credco admits only that it is authorized to do business in Illinois and various other states.  The remaining allegations of paragraph 5 of the Complaint are denied.  By way of further response, First Advantage Credco, LLC d/b/a First American Credco is a limited liability company organized and existing under the laws of the State of Delaware, and is misidentified in the Complaint as First Advantage Credco, Inc.**

### [IV.  COUNT ONE]
### [VIOLATION OF THE FCRA v. TRANS UNION]

(5)     (*sic*)  Defendant has been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (hereafter the "inaccurate information").

**ANSWER:  Denied.  The allegations of paragraph 5 (*sic*) are directed to Trans Union, not Credco.  Therefore, no response by Credco is required.  To the extent that a response is deemed to be required, after reasonable investigation, Credco is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 (*sic*) of the Complaint directed to Trans Union, and on that basis denies them. By way of further response, if the allegations of paragraph 5 of the Complaint are directed to Credco, they are denied.**

(6)     The inaccurate information of which Plaintiff complains is an account, or tradeline, named HSBC/Menards.  Specifically, the Plaintiff asserts that the payment history and status of the account is inaccurately reported.  The Defendants have disseminated credit reports and/or information that the account is reported as last delinquent in July 2007.  However, Plaintiff contends that she paid off this account in July 2004.  Moreover, because the delinquency has been inaccurately reported as occurring on a more recent date than when the accounts were actually paid, this derogatory information will remain on Plaintiff's credit report for longer than seven years.

**ANSWER:  Denied.  To the extent that the allegations of this paragraph are directed to Trans Union, no response by Credco is required.  By way of further response, to the extent that a response is deemed to be required, after reasonable investigation, Credco is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 of the Complaint that are directed to Trans Union, and on that basis denies them.  As to Credco, the allegations of paragraph 6 are denied.  By way of further answer, Credco specifically denies that it violated the FCRA or any other laws, or that it "inaccurately reported" Plaintiff's credit history.**

(7)     The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

**ANSWER:  Denied.  The allegations of paragraph 7 are directed to Trans Union, not Credco.  Therefore, no response by Credco is required.  To the extent that a response is deemed to be required, after reasonable investigation, Credco is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 of the Complaint directed to Trans Union, and on that basis denies them.  By way of further response, if the allegations of paragraph 7 of the Complaint are directed to Credco, they are denied.**

(8)     The credit reports have been and continue to be disseminated to various persons and credit grantors, both known and unknown.

**ANSWER:  Denied.  The allegations of paragraph 8 are directed to Trans Union, not Credco.  Therefore, no response by Credco is required.  To the extent that a response is deemed to be required, after reasonable investigation, Credco is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 of the Complaint directed to Trans Union, and on that basis denies them.  By way of further**

response, if the allegations of paragraph 8 of the Complaint are directed to Credco, Credco

is without knowledge or information sufficient to form a belief as to the allegations of

paragraph 8 of the Complaint, and on that basis denies them.

(9)     In June 2007, Plaintiff disputed the inaccurate information with Defendant, Trans Union, LLC, by written communication to its representatives and by following Defendant's established procedure for disputing consumer credit information.

**ANSWER**:  **Denied.  The allegations of paragraph 9 are directed to Trans Union,**

**not Credco.  Therefore, no response by Credco is required.  To the extent that a response is**

**deemed to be required, after reasonable investigation, Credco is without knowledge or**

**information sufficient to form a belief as to the truth of the allegations of paragraph 9 of**

**the Complaint directed to Trans Union, and on that basis denies them.**

(10)     Notwithstanding Plaintiff's efforts, Defendants continue publishing the inaccurate information to other third parties, persons, entities and credit grantors.

**ANSWER**:  **Denied.  To the extent that the allegations of this paragraph are**

**directed to Trans Union, no response by Credco is required.  By way of further response, to**

**the extent that a response is deemed to be required, after reasonable investigation, Credco**

**is without knowledge or information sufficient to form a belief as to the truth of the**

**allegations of paragraph 10 of the Complaint that are directed to Trans Union, and on that**

**basis denies them.  As to Credco, the allegations of paragraph 10 are denied.  By way of**

**further answer, Credco specifically denies that it violated the FCRA or any other laws, or**

**that it published "inaccurate" information regarding Plaintiff to any person or entity.**

(11)     Despite Plaintiff's efforts to date, Defendants have nonetheless deliberately, willfully, intentionally, recklessly and negligently continued to report this information as belonging to Plaintiff, after having once admitted to it's inaccuracy by deleting this information in the past from Plaintiff's credit report.

**ANSWER**:  **Denied.  To the extent that the allegations of this paragraph are**

**directed to Trans Union, no response by Credco is required.  By way of further response, to**

**the extent that a response is deemed to be required, after reasonable investigation, Credco**

**is without knowledge or information sufficient to form a belief as to the truth of the**

**allegations of paragraph 11 of the Complaint that are directed to Trans Union, and on that**

**basis denies them.  As to Credco, the allegations of paragraph 11 are denied.  By way of**

**further answer, Credco specifically denies that it violated the FCRA or any other laws.**

(12)    Plaintiff has been damaged, and continues to be damaged, in the following ways:

a.    Denial of credit on September 18, 2007;

b.    Raised interest rate by Mortgage Guarantee Insurance Corporation on August 16, 2007;

c.    Out of pocket expenses associated with disputing the information only to find the information to remain on the credit report;

d.    Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people both known and unknown;

e.    Decreased credit score which may result in inability to obtain credit on future attempts.

**<u>ANSWER</u>:  Denied.  To the extent that the allegations of this paragraph are**

**directed to Trans Union, no response by Credco is required.  By way of further response, to**

**the extent that a response is deemed to be required, after reasonable investigation, Credco**

**is without knowledge or information sufficient to form a belief as to the truth of the**

**allegations of paragraph 12 of the Complaint directed to Trans Union, and on that basis**

**denies them.  As to Credco, the allegations of paragraph 12 are denied.  By way of further**

**answer, Credco specifically denies that it violated the FCRA, or any other laws.**

(13)    At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendants herein.

**ANSWER:  Denied.  The allegations of paragraph 13 of the Complaint constitute conclusions of law to which no responsive pleading is required.  If and to the extent a responsive pleading is deemed to be required, after reasonable investigation, Credco is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13, and on that basis denies them.  To the extent that the allegations of this paragraph are directed to Trans Union, no response by Credco is required.  By way of further response, to the extent that a response is deemed to be required, after reasonable investigation, Credco is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 of the Complaint that are directed to Trans Union, and on that basis denies them.**

(14)    At all times pertinent hereto, the conduct of Defendants, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

**ANSWER:  Denied.  To the extent that the allegations of this paragraph are directed to Trans Union, no response by Credco is required.  By way of further response, to the extent that a response is deemed to be required, after reasonable investigation, Credco is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 of the Complaint that are directed to Trans Union, and on that basis denies them.  As to Credco, the allegations of paragraph 14 are denied.  By way of further answer, Credco specifically denies that it violated the FCRA or any other laws.**

(15)    At all times pertinent hereto, Defendant was a "persons" and "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

**ANSWER:  Denied.  The allegations of paragraph 15 are directed to Trans Union, not Credco.  Therefore, no response by Credco is required.  To the extent that a response is deemed to be required, after reasonable investigation, Credco is without knowledge or**

information sufficient to form a belief as to the truth of the allegations of paragraph 15 of the Complaint directed to Trans Union, and on that basis denies them.

(16)     At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

**ANSWER:  The allegations of paragraph 16 of the Complaint constitute conclusions of law to which no responsive pleading is required. If and to the extent a responsive pleading is deemed to be required, after reasonable investigation, Credco is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16, and on that basis denies them.**

(17)     At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

**ANSWER:  The allegations of paragraph 17 of the Complaint constitute conclusions of law to which no responsive pleading is required. If and to the extent a responsive pleading is deemed to be required, after reasonable investigation, Credco is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17, and on that basis denies them.**

(18)     Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendant is liable to Plaintiff for engaging in the following conduct:

(a)     willfully and negligently failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the dispute from the Plaintiff, in violation of 15 U.S.C. § 1681i(a);

(b)     willfully and negligently failing to obtain a certification from the person who furnished this trade line prior to re-inserting the inaccurate information in violation of 15 U.S.C. § 1681i(a)(5)(B)(i);

(c)     willfully and negligently failed to notify the Plaintiff that they re-inserted the aforementioned derogatory information within five (5) days after the reinsertion in violation of 15 U.S.C. § 1681i(a)(5)(B)(ii);

(d)     willfully and negligently failing to review and consider all relevant information submitted by the Plaintiff concerning the dispute of the inaccurate information, in violation of 15 U.S.C. § 1681(a);

(e)     willfully and negligently failing to delete the inaccurate information from Plaintiff's credit file after reinvestigation, in violation of 15 U.S.C. § 1681i(a);

(f)     willfully and negligently failing to note the Plaintiffs dispute of the inaccurate information and in subsequent consumer reports, in violation of 15 U.S.C. § 1681i(c);

(g)     willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. § 1681e(b).

**ANSWER:     Denied.  The allegations of paragraph 18 are directed to Trans Union, not Credco.  Therefore, no response by Credco is required.  To the extent that a response is deemed to be required, after reasonable investigation, Credco is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 of the Complaint directed to Trans Union, and on that basis denies them.  As to Credco, the allegations of paragraph 18 of the Complaint are denied.  By way of further response, Credco specifically denies that it violated the FCRA or any other laws.  In addition, some of the allegations of paragraphs 18 of the Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent that a responsive pleading is deemed to be required, after reasonable investigation, Credco is without knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis denies them.**

(19)     The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendant is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief as may be permitted by law.

**ANSWER:  Denied.  The allegations of paragraph 19 are directed to Trans Union, not Credco.  Therefore, no response by Credco is required.  To the extent that a response is deemed to be required, after reasonable investigation, Credco is without knowledge or**

**information sufficient to form a belief as to the truth of the allegations of paragraph 19 of the Complaint directed to Trans Union, and on that basis denies them.  As to Credco, the allegations of paragraph 19 of the Complaint are denied.  By way of further response, Credco specifically denies that it violated the FCRA or any other laws.  In addition, some of the allegations of paragraphs 19 of the Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent that a responsive pleading is deemed to be required, after reasonable investigation, Credco is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.**

### [V.  COUNT TWO]
### [VIOLATION OF THE FCRA v. FIRST AMERICAN CREDCO]

(20)     Plaintiff incorporates the foregoing paragraphs as thought the same were set forth at length herein.

**ANSWER:**     **Credco restates, as its answer to this Paragraph, its answers to each and every averment of Paragraphs 1 to 19 of Plaintiff's Complaint.**

(21)     The inaccurate information of which Plaintiff complains are accounts, or tradelines, named GEMB/JCPenny, HSBC/Menards and Capital One.  Specifically, the Plaintiff asserts that the payment history and status of the account is inaccurately reported.  The Defendants have disseminated credit reports and/or information that the accounts are reported as last delinquent in July 2007.  However, Plaintiff contends that she paid off this account in July 2004.  Moreover, because the delinquencies have been inaccurately reported as occurring on a more recent date than when the accounts were actually paid, this derogatory information will remain on Plaintiff's credit report for longer than seven years.

**ANSWER: Denied.  After reasonable investigation, Credco is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 21 of the Complaint, and on that basis denies them.  By way of further answer, Credco specifically denies that it violated the FCRA, or that it "inaccurately reported" Plaintiff's credit history.  To the extent that the allegations of this paragraph are directed to Trans Union, no response by Credco is required.  By way of further response, to the extent that a**

**response is deemed to be required, after reasonable investigation, Credco is without**

**knowledge or information sufficient to form a belief as to the truth of the allegations of**

**paragraph 21 of the Complaint that are directed to Trans Union, and on that basis denies**

**them.**

(22)    At all times pertinent hereto, this Defendant was a "person" as that term defined by 15 U.S.C. § 1681a(b).

**ANSWER**:  **The allegations of paragraph 22 of the Complaint constitute conclusions**

**of law to which no responsive pleading is required.  By way of further response, to the**

**extent that a response is deemed to be required, admitted.**

(23)    Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendant is liable to Plaintiff for engaging in the following conduct:

(a)    willfully and negligently failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the dispute from the Plaintiff, in violation of 15 U.S.C. § 1681i(a);

(c)    willfully and negligently failing to obtain a certification from the person who furnished this trade line prior to re-inserting the inaccurate information in violation of 15 U.S.C. § 1681i(a)(5)(B)(i);

(c)    willfully and negligently failed to notify the Plaintiff that they re-inserted the aforementioned derogatory information within five (5) days after the reinsertion in violation of 15 U.S.C. § 1681i(a)(5)(B)(ii);

(d)    willfully and negligently failing to review and consider all relevant information submitted by the Plaintiff concerning the dispute of the inaccurate information, in violation of 15 U.S.C. § 1681i(a);

(e)    willfully and negligently failing to delete the inaccurate information from Plaintiff's credit file after reinvestigation, in violation of 15 U.S.C. § 1681i(a);

(f)    willfully and negligently failing to note the Plaintiff's dispute of the inaccurate information and in subsequent consumer reports, in violation of 15 U.S.C. § 1681i(c);

(g)    willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. § 168le(b).

**ANSWER:  Denied.  By way of further response, Credco specifically denies that it violated the FCRA or any other laws, or that it engaged in any of the conduct alleged.  In addition, some of the allegations of paragraphs 23 of the Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent that a responsive pleading is deemed to be required, denied.**

(24)   This Defendant's conduct was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendant is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief permitted by law.

**ANSWER:  The allegations of paragraph 24 of the Complaint constitute conclusions of law to which no responsive pleading is required.  By way of further response, to the extent that a response is deemed to be required, denied.**

## FIRST ADVANTAGE CREDCO, LLC'S ADDITIONAL DEFENSES

Credco reserves the right to assert any and all applicable defenses to Plaintiff's claims and the right to amend or otherwise supplement this pleading.  Without limiting the generality of the foregoing, without regard to whether defenses set forth below are affirmative defenses within the meaning of Fed. R. Civ. P. 8(c), and without conceding that all such defenses must be set forth in its Answer, Credco states as follows:

## FIRST ADDITIONAL DEFENSE

Plaintiff fails to state a claim upon which relief can be granted against Credco.

## SECOND ADDITIONAL DEFENSE

If Plaintiff suffered any damages, injuries, and/or losses as alleged, they were caused solely and primarily by her own actions and/or inaction.

### THIRD ADDITIONAL DEFENSE

Some or all of Plaintiff's claims are barred by the acts or omissions of individuals and/or entities over whom Credco has no control and bears no legal responsibility.

### FOURTH ADDITIONAL DEFENSE

At all times relevant to Plaintiff's Complaint, Credco followed reasonable procedures to assure maximum possible accuracy of information regarding Plaintiff.

### FIFTH ADDITIONAL DEFENSE

At all times relevant to Plaintiff's Complaint, Credco adhered to all statutory requirements of the FCRA.

### SIXTH ADDITIONAL DEFENSE

At all times relevant to Plaintiff's Complaint, Credco reasonably and completely reinvestigated and reverified all information disputed by Plaintiff, if any, in compliance with the FCRA, 15 U.S.C. § 1681i.

### SEVENTH ADDITIONAL DEFENSE

Plaintiff failed to provide Credco with a statement of dispute under the FCRA, 15 U.S.C. § 1681i(b), and Credco, therefore, had no legal obligation to include a statement of dispute on consumer reports relating to Plaintiff under the FCRA, 15 U.S.C. § 1681i(c).

### EIGHTH ADDITIONAL DEFENSE

Plaintiff suffered no actual damages.

### NINTH ADDITIONAL DEFENSE

Plaintiff's claims are barred and/or limited by Plaintiff's failure to properly mitigate the damages and injuries, if any, she allegedly suffered.

## TENTH ADDITIONAL DEFENSE

Any damages, injuries and/or losses allegedly sustained by Plaintiff resulted from intervening and/or superseding causes for which Credco may not be held liable.

## ELEVENTH ADDITIONAL DEFENSE

If Credco is found to have acted negligently, such negligence was not the proximate or a reasonably foreseeable cause of the Plaintiff's damages, injuries and/or losses.

## TWELFTH ADDITIONAL DEFENSE

Credco reserves the right to raise additional defenses to which it may be entitled which may be developed during the course of discovery.

**WHEREFORE**, Credco demands judgment in its favor and against Plaintiff on all claims asserted in Plaintiff's Complaint, together with Credco's reasonable costs and expenses, including, but not limited to, its attorneys' fees and costs of suit, and for such other and further relief as the Court deems just, equitable, and proper under the circumstances.

Respectfully submitted,

**CLARK HILL PLC**

By: s/ Adam C. Toosley
    W. Kent Carter, Esquire
    A. Toosley, Esquire
    150 N. Michigan, Suite 2400
    Chicago, Illinois 60601
    Tel:  (312) 985-5906
    Fax:  (312) 985-5999
    ***Attorneys for Defendant***

Dated:  January 25, 2008    ***First Advantage Credco,LLC***

*OF COUNSEL:*
**BUCHANAN INGERSOLL & ROONEY PC**
    Meredith Myers LeConey, Esquire
    1835 Market Street, 14th Floor
    Philadelphia, PA 19103
    Tel:   (215) 665-8700
    Fax:  (215) 665-8760

14

## CERTIFICATE OF SERVICE – ELECTRONIC/U.S. MAIL/FAX

The undersigned certifies that on January 25, 2008, the following described document(s) was served upon all Filing Users pursuant to General Order on Electronic Case Filing, and upon all Non-Filing Users pursuant to LR 5.5:

DOCUMENT DESCRIPTION:             Answer and Affirmative Defenses of First Advantage Credco, LLC


ADDRESSED AS FOLLOWS:             Larry P. Smith, Esquire
                                  **LARRY P. SMITH & ASSOCIATES, LTD.**
                                  205 N. Michigan Avenue, Suite 4000
                                  Chicago, IL  60601

                                  Albert E. Hartmann, Esquire
                                  Sharon R. Albrecht, Esquire
                                  **DLA PIPER US LLP**
                                  203 North LaSalle Street, Suite 1900
                                  Chicago, IL  60601


Under penalties provided by law, pursuant to 735 ILCS 5/1-109, the undersigned certifies that the statements made herein are true and correct.


                                  /s Adam C. Toosley_____
                                  By:  One of Its Attorneys