IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GAYLE REED, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 07 C 6734 |
| ) | |
| TRANS UNION, LLC, ) | Judge Hibbler |
| and ) | |
| FIRST AMERICAN CREDCO, INC.,[1] ) | |
| ) | |
| Defendants. ) | |

**PROPOSED SCHEDULING ORDER**

**A.    Nature of the Case**

(1)    <u>Plaintiff's Position on Her Bases for Jurisdiction</u>:    Plaintiff asserts in the Complaint that jurisdiction of this Court arises under 15 U.S.C. § 1681p, 28 U.S.C. §§1331, and 1337, and that venue lies properly in this district pursuant to 28 U.S.C. §1391(b).

<u>First Advantage Credco, LLC's ("Credco") Position on Jurisdiction</u>:    As set forth in its Answer, Credco admits only that this Court has jurisdiction over Plaintiff's FCRA claims against Credco under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

<u>Plaintiff's Position on the Nature of the Claims</u>:    This is an action for damages brought by an individual consumer against the defendants for alleged violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §1681 *et seq.*, *as amended*.

---

[1] First Advantage Credco, LLC was misidentified in the Complaint as First American Credco, Inc.

(2) <u>Relief Sought by Plaintiff</u>: Plaintiff seeks all damages allowable under FCRA. Plaintiff anticipates receiving this information in the future and in the event she is unable, seeks $1,000.00 in statutory damages from each party.

(3) All parties have been served.

(4) Major legal Issues

<u>Plaintiff's/Trans Union's Position</u>: The major legal issues in this case are whether either of the Defendants were negligent in violation of their duties to maintain reasonable procedures to assure maximum possible accuracy and whether the failure, if any, rises to the level of a reckless disregard of the rights of Plaintiff; whether Trans Union complied with 15 U.S.C. 1681i in responding to Plaintiff's disputes; and whether Defendants are liable for any of Plaintiff's claimed damages under the FCRA.

<u>Credco's Position</u>: In her Complaint, Plaintiff alleges that Credco violated the FCRA by inaccurately reporting information regarding the payment history and status of her GEMB/JC Penney, HSBC/Menards, and Capital One Accounts (Complaint ¶ 21). The major legal issues as to Credco concern whether (i) Credco engaged in the conduct alleged in ¶ 23 of the Complaint; (ii) whether Credco willfully and negligently violated the FCRA by engaging in the conduct alleged in ¶ 23(a) – (g) of the Complaint; (iii) whether Credco, under the FCRA, owed Plaintiff the duties set forth in ¶ 23(a) – (g); (iv) whether Credco complied with its applicable duties under the FCRA as to Plaintiff; (v) whether Plaintiff suffered actual damages that were caused by an act of or omission by Credco as related to its duties under the FCRA; and (vi) whether Plaintiff satisfied her own statutory obligations for reporting a purported inaccuracy.

(5) Major Factual Issues:

<u>Plaintiff's Position as to Trans Union</u>: Whether it utilized all reasonable procedures to assure maximum accuracy in reporting an account named HSBC/Menards; whether Trans Union used reasonable procedures in investigating into the accuracy of the account; whether the account was reported with maximal accuracy; whether the reporting of this account was the cause of any damages suffered by Plaintiff.

<u>Plaintiff's Position as to Credco</u>: Whether it utilized all reasonable procedures to assure maximum accuracy in reporting an account named HSBC/Menards; whether the account was reported with maximal accuracy; whether the reporting of this account was the cause of any damages suffered by Plaintiff.

<u>Credco's Position</u>: Whether Credco engaged in any conduct as alleged by Plaintiff, whether Credco followed reasonable procedures to assure maximum possible accuracy with respect to information reported, if any, regarding Plaintiff, whether any act of or omission by Credco is the cause of Plaintiff's alleged damages, or whether other issues (e.g., numerous inquiries into Plaintiff's credit history within a short period of time, or acts of or omissions by parties over whom Credco has no control) are the cause of her alleged damages; and whether Plaintiff complied with the statutory requirements for reported purported inaccuracies.

(6) Citations to key authorities which will assist the Court in understanding and ruling on the issues: 15 U.S.C. §§1681i (all subsections); §1681e(b), e(e); *Alley v.*

*First American Credco*, 2007 WL 188036; *Henson v. CSC Credit Servs.,* 29 F.3d 280 (7th Cir.1994).

   **B.**  **Scheduling Order**

(1) Discovery

  The following time limits and deadlines shall be applicable:

  a.  All disclosures required by Rule 26(a)(1) shall be made on or before February 29, 2008.

  b.  Any amendments to pleadings or actions to join other parties shall be filed on or before April 30, 2008.

  c.  The cutoff of fact discovery is June 13, 2008.

  d.  The parties shall disclose expert testimony pursuant to Rule 26(a)(2) on or before July 11, 2008.

  e.  The parties shall disclose any rebuttal expert pursuant to Rule 26(a)(2)(c) at any time prior August 15, 2008.

  f.  The parties may depose the other side's expert at any time prior to September 29, 2008.

(2) Motions

  Any dispositive motions are to be filed on or before October 30, 2008.

(3) Final Pretrial Order and Conference

  a.  The final pretrial order shall be filed on or before _____ _____.

  b.  The final pretrial conference will be held on _____ at _____ .m.

(4) Trial

Trial is set in this matter on _____ at 10:00 a.m.

(5) Status Hearings

A further status hearing/preliminary pretrial conference should be held on _____.

## C. Trial Status

(1) A Jury Demand has been made.

(2) Probable length of the trial is two to three days.

## D. Consent to Proceed Before a Magistrate Judge

(1) The parties do not consent to proceed before a Magistrate Judge for all proceedings including trial.

## E. Settlement Status

(1) Parties have conducted a Rule 26(f) discovery conference. The parties agreed that Plaintiff will make a global settlement demand and allow a reasonable time to respond with enough time to allow discovery if necessary.

(2) Parties do not believe a settlement conference is necessary at this time.

*Judge Hibbler*
United States District Judge

Dated: